## Ex Parte Bolívar.

### Application for a Writ of *Certiorari*.

#### No. 25.—Decided April 29, 1907.

Securing Effectiveness of Judgment—Time Within Which Application May be Made.—An application for an order to secure the effectiveness of judgment may be filed with the complaint or subsequently at any time during the course of the trial before final judgment is rendered. An order to secure the effectiveness of judgment cannot be made or changed after final judgment has been rendered.

Id.—Final Judgment—Sentencia Firme.—The word "final," as used in the English version of section 1 of the Act of March 12, 1903, amending the Act of March 1, 1902, to secure the effectiveness of judgments, is not equivalent to the word *firme,* used in the Spanish version of said section, because *sentencia firme* is a judgment from which no appeal lies while there is an appeal from final judgment in those cases provided for by law.

Id.—The provision of the Act of March 8, 1905, amending section 22 of the Code of Civil Procedure, whether considered literally or construed according to the purpose for which it was enacted, cannot be construed to mean that it alters or modifies the provisions of section 1 of the Act of March 12; 1903, above cited.

Id.—Certiorari.—The writ of *certiorari* will issue to secure the annulment of proceedings to secure the effectiveness of judgments whenever such proceedings are not conducted according to law.

*Mr. Texidor* for petitioner.

Mr. Justice Hernández delivered the opinion of the court.

On February 18, last, Gorgonio de Bolívar, through Attorney Jacinto Texidor applied to this Supreme Court for a writ of *certiorari* to be directed to the judge of the first section of the District Court of San Juan, directing him to transmit a certified copy of all the records and proceedings decreed or had with reference to securing the effectiveness of the judgment in the action prosecuted in the said district

court by the Estate of Eudaldo J. Iglesias against Gorgonio de Bolívar, for the recovery of a sum of money due on a lease, and that this court, after receiving such certified copy to review the proceedings had, render the judgment which might be proper in law—that is, that it set aside or order the San Juan court to set aside the order it made on July 10 of last year as to the attachment of a mortgage credit belonging to Gorgonio de Bolívar.

The writ of *certiorari* applied for having issued, there was transmitted to this court a certified copy of the record of the proceedings relating to securing the effectiveness or the judgment rendered in the aforementioned action, and it appears from said record:

1. That by order of March 1, 1905, the District Court of San Juan, at the petition of Eudaldo J. Iglesias, took measures to secure the effectiveness of the judgment which might be rendered in the action instituted by said estate against Gorgonio de Bolívar for the recovery of rental, ordering to this end the attachment of property of the defendant to the value of $5,000.

2. That in compliance with said order, the marshal of the District Court of San Juan levied an attachment for $2,000 on an urban property belonging to Bolívar; on another rural property belonging to the said Bolívar, for $500; and on a mortgage credit of 20,000 provincial *pesos* which had been constituted by public deed of August 18, 1897, by Jaime Vila Canales in favor of Gorgonio de Bolívar, the attachment on said credit being limited to the sum of $1,500. In addition, the rentals from three houses belonging to the defendant were also attached.

3. Gorgonio de Bolívar applied to the San Juan court for the dissolution of the order of attachment, and said court affirmed the order on May 29, 1905, but directed that the attachment levied on the rental of the houses belonging to the defendant should be dissolved immediately and levied in

lieu thereof on other property of said defendant for the sum remaining unsecured.

4. That judgment having been rendered in the action against Bolívar the latter appealed, and while such appeal was pending before this Supreme Court counsel for the Estate of Eudaldo J. Iglesias made a motion to the judge of the first section of the District Court of San Juan on June 18, 1906, for an order at chambers modifying the order to secure the effectiveness of the judgment, on which motion an order was made on the following 10th of July directing that the mortgage credit constituted by public deed of August 18, 1897, by Jaime Vila in favor of Gorgonio de Bolívar should answer for all the principal sums claimed in the action; that a supplementary attachment should be levied for interest accruing and to accrue, and for costs incurred and to be incurred on other unencumbered property of the debtor and that the marshal should raise the previous attachments.

5. That said order of July 10, 1906, was objected to by Gorgonio de Bolívar on the ground that the District Judge of San Juan lacked jurisdiction to make it, said judge having overruled the objection on the 26th of said month of July on the ground that the provisional measures to secure the effectiveness of a judgment were not the subject of the judgment rendered in the action, and therefore were not subject to the decision of this Supreme Court.

Having stated as we have the proceedings had in the District Court of San Juan in connection with the measures to secure the effectiveness of the judgment in the action brought by the Estate of Eudaldo Iglesias against Gorgonio de Bolívar, it is now necessary to determine whether they conform to the provisions of law applicable to the case.

The act to secure the effectiveness of judgments, approved March 1, 1902, provides in its third section that no remedy to secure the effectiveness of a judgment shall be decreed unless a complaint is filed, from which it is to be deduced that measures may be applied for and granted to

secure the effectiveness of the judgment from the moment the action is commenced; and although the said act does not expressly fix the time during which application may be made for measures to secure the effectiveness of a judgment after the complaint has been filed, as section 14 provides that every decision of the court on the allegations made by either party in the course of the proceedings regarding the remedy, shall immediately be carried into effect, if the aggrieved person protests for the purpose of the appeal which the law of procedure grants him from a final judgment, it is logical to deduce that after such appeal has been taken, as has occurred in the case at bar, measures to secure the effectiveness of the judgment or the modification of those already adopted cannot be applied for and decreed. If the lower court were permitted, after a judgment had been appealed from and while it was pending decision, to grant measures to secure the effectiveness thereof, the protest (Rev. Stats. sec. 382), against such measures on an appeal previously taken would be superfluous.

The Act of the Legislative Assembly, approved March 12, 1903, entitled "An Act to amend the Act, entitled 'An Act to secure the effectiveness of judgments,' approved March 1, 1902," dissipated any doubt which might have existed with reference to the time within which a remedy to secure the effectiveness of a judgment could be applied for, as the first section thereof provides in clear and specific terms that the petition praying for any such remedy may be entered when the complaint is filed, or at any stage of the proceedings before final judgment (*sentencia final*); and we employ the term "final" and not that of *firme*, employed in the Spanish text of the act, because the former is that which corresponds (in Spanish) to the correct translation of the English text. The meaning of a *sentencia firme* and a *sentencia final* are entirely different in legal language, because an appeal does not lie from a *sentencia firme*, while an appeal

does lie in the cases provided by the law from a *sentencia final*. According to the English text of section 188 of the Code of Civil Procedure, a judgment is a final determination of the rights of the parties in an action or proceeding, and according to section 295 an appeal may be taken from a district court to the Supreme Court from a final judgment in an action or special proceeding commenced in the court in which the same is rendered. In neither of said actions can the English word "final" be translated as the equivalent of the Spanish word *firme,* and, as a matter of fact, such meaning has not been given it. We see no reason in the translation of the aforementioned Act of March 12, 1903, why the English phrase of "before final judgment" has been translated in Spanish as *"antes de sentencia firme."* A lamentable error was thereby committed.

There is a subsequent act—that is to say, that of March 8, 1905—entitled "An Act to amend section 22 of the Code of Civil Procedure," which grants district judges, as chambers, the power to grant orders affecting the procedure or tending to insure the enforcement of the decision demanded before or after answering the complaint, and also during the time of the execution of the judgment; but said act, whether its literal text is considered or the purposes for which it was enacted, has not modified the provisions contained in the first section of the Act of March 12, 1903.

For the reasons stated, we are of the opinion that the District Court of San Juan violated the Acts of March 1, 1902, and March 10, 1903, to which we have referred, in rendering the decision of July 10, 1906, by modifying the measures granted to secure the effectiveness of the judgment previously rendered, when it lacked jurisdiction so to do at that time, by reason of the final judgment having been rendered in the action, from which judgment an appeal had been taken, and, therefore, the proceedings had in said court, after counsel for the estate of Eudaldo J. Iglesias filed his

motion of June 18, 1906, seeking the issuance of such order, should be set aside.

*Accordingly decided.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.